FANNIE PHILLIPS

Plaintiff-Appellee


vs.


KEE TOM FARLEY

Defendant-Appellant


IN THE MATTER OF DANIEL DESCHINNY

IN CONTEMPT OF COURT


Decided on April 19, 1972


Before KIRK, Chief Justice, BECENTI and BENALLY, SR., Associate
Justices


KIRK, Chief Justice


This matter comes before the Court on an order to show
cause issued by the Court of its own motion to Daniel Deschinny, one
of the advocates of record in this case, ordering him to appear and
show cause why he failed to appear for a hearing as ordered by the
Court.


It has been held in a great many cases that an attorney
representing a party before the court has a duty to be present and be
on time at the date set for hearing the case. Failure to do so can be

punished as contempt of court by fine or imprisonment: See Note, 97 ALR2nd 431 at 438, and 17 Am.Jur.2nd 71, Comtempt, § 77.

Attorneys are officers of the court and are subject to the orders of the Court. The Canons of Professional Ethics of American Bar Association (1942) No. 21, makes this requirement:

> "It is the duty of the lawyer not only to his client but also to the courts and to the public to be punctual in attendance, and to be concise and direct in the trial and disposition of cases."

We hold that the advocates and counsellors practicing before the Navajo Courts are held to the same high standards of professional conduct required of lawyers under the court decisions and the rules of conduct of the American Bar Association.

Some mention was made that Mr. Deschinny did not consider himself to be representing the plaintiff after the hearing in this case held on April 14, 1971. Any counsellor or advocate may relieve himself of responsibility to his client and to the court by filing a written notice of withdrawal as such counsellor and notifying his client. Mr. Deschinny did not do this.

However, in this case Mr. Deschinny was notified to appear on short notice. There is difference in the testimony as to whether he was first notified on March 22, 1972, or March 23, 1972, the day of the hearing. Because of the special nature of this proceeding to hear newly discovered evidence no regular written notice of the hearing date

was sent to Mr. Deschinny by the court clerk.

There are serious doubts in this case that Mr. Deschinny was given adequate notice or that he understood the nature of his obligation to the Court. For these reasons we hold that the order to show cause should be and hereby is dismissed although we caution him as to the importance of the duties he has assumed as an advocate of this Court.

BECENTI, Associate Justice, and BENALLY, SR., Associate Justice, concur.